591 So.2d 1173 (1991)
STATE of Louisiana
v.
Thomas L. BLUE.
No. KA 90 1380.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
Writ Granted in Part with Order; Denied in Part January 10, 1992.
*1174 Louis Thad Toups, Asst. Dist. Atty., Thibodaux, for plaintiff-appellee State of Louisiana.
Diana M. Sanders, Asst. Indigent Defender, Thibodaux, for defendant-appellant.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
EDWARDS, Judge.
The defendant, Thomas L. Blue, was charged by bill of information with molestation of a juvenile over whom he had control or supervision, in violation of LSA-R.S. 14:81.2 A and C. He pled not guilty and, after trial by jury, was found guilty as charged. He received a sentence of twelve years at hard labor. The defendant has appealed, alleging four assignments of error, as follows:
1. The evidence is insufficient to support the instant conviction.
2. The trial court erred in sustaining the State's objection to defense counsel's questioning of a witness concerning the victim's alleged sexual molestation by someone other than the defendant.
3. The trial court erred in imposing an excessive sentence.
4. The trial court erred in failing to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1.
At the trial, the victim's mother, Angelita Shapiro, testified that she married the defendant in October of 1978 and divorced *1175 him in January of 1988. In January of 1989, she married Melvin Shapiro. She and the defendant had two children, a daughter, the victim, and one son. After the divorce, the defendant occasionally visited the two children. The last of these visits occurred in July of 1988.
The following summer, the victim was visiting Mr. Shapiro's daughter, Joyce Webber, in Orlando, Florida. During this visit, the victim informed Mrs. Webber that the defendant had sexually abused her during a visit with him in July of 1988. Mrs. Webber telephoned the victim's mother and informed her about the incident. When the victim returned home, she discussed the incident with her mother, who decided to file charges against the defendant. State Exhibit 1, a complaint charging the defendant with molestation of a juvenile, was filed by Mrs. Shapiro with a LaFourche Parish Justice of the Peace on September 19, 1989.
LaFourche Parish Sheriff's Deputy Don Cox testified that in September of 1989 he met the victim and her mother during an investigation of this incident. The victim and her mother indicated that, in July of 1988, the defendant was living in the Cypress Court Trailer Park, but they did not remember which trailer. However, Deputy Cox testified that the entire trailer park was located in LaFourche Parish.
The victim testified that in July of 1988 she was eleven years old. She testified that at this time she and her brother sometimes visited the defendant at his trailer and sometimes they also stayed with her half sister, Carol, in Houma. In July of 1988, on an occasion when the victim was alone with the defendant at his trailer, the defendant fondled her breasts, performed cunnilingus on her, and forced her to perform fellatio on him. Thereafter, the defendant threatened to harm the victim if she informed anyone about what had happened. The victim testified that she was scared of the defendant when this incident occurred and, because of the threat, she delayed for approximately one year in telling her stepsister, Joyce Webber, what had happened. The victim also testified that after this incident occurred she never again visited the defendant.
Carol Duplantis and Jackie Blue, the defendant's two daughters from his first marriage, both testified that they had never been physically or sexually abused by the defendant. Mrs. Duplantis testified that neither the victim nor her brother complained to her about sexual abuse of the victim by the defendant during this visit in July of 1988. Mrs. Duplantis testified she was positive that the victim and her brother visited the defendant at least two or three times after the visit in July of 1988. Finally, she testified that she did not believe the defendant to be capable of molesting the victim.
The defendant testified that he had a good relationship with his children, including the victim. He testified that he did not sexually abuse the victim during her visit in July of 1988. On cross-examination, the defendant admitted that his divorce with the victim's mother had been a traumatic experience and that he had been impotent since this divorce. However, he testified that he never received any psychological counseling or treatment for any mental illness. Finally, he testified that the victim was lying about the instant offense.
On rebuttal, Mrs. Shapiro testified that the victim and her brother never again visited the defendant after July of 1988. She testified that she never tried to get revenge on the defendant and that she and the victim did not make up this incident. Finally, she testified that she did not influence the victim or make any suggestions about anything that may have happened.

ASSIGNMENT OF ERROR NO. ONE:
In this assignment of error, the defendant contends that the evidence was insufficient to support the instant conviction. We note that, in order to challenge this conviction on the basis of insufficiency of the evidence, the defendant should have proceeded by way of a motion for post-verdict judgment of acquittal. See LSA-C.Cr.P. art. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error. See State *1176 v. Tate, 506 So.2d 546, 551 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La.1987).
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See LSA-C.Cr.P. art. 821; State v. King, 563 So.2d 449, 456 (La.App. 1st Cir.), writ denied, 567 So.2d 610 (La.1990).
Molestation of a juvenile is defined in LSA-R.S. 14:81.2 A as:
[T]he commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile.
In July of 1988, the defendant was 47 years old and the victim was either eleven or twelve years of age. As the victim's natural father, the defendant obviously exercised control or supervision over her. The victim testified that, on one occasion when she was visiting the defendant and they were alone together, he touched her breasts, performed cunnilingus on her, and ordered her to perform fellatio on him. She testified that she was scared and that the defendant made her engage in this conduct. The victim's delay in reporting the incident to her stepsister was explained by her testimony that the defendant threatened to harm her if she told anyone. However, the defendant denied engaging in any such conduct with the victim. Accordingly, the defendant's conviction of molestation of a juvenile over whom he had control or supervision hinged upon a determination of the credibility of the witnesses.
Initially, we note that the testimony of the victim is sufficient to establish the elements of the offense. State v. Racca, 525 So.2d 1229, 1235 (La.App. 1st Cir. 1988). Furthermore, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984). As the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d at 38. The guilty verdict in this case indicates that the jury accepted the victim's testimony and rejected the testimony of the defendant. On appeal, this court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. State v. Creel, 540 So.2d 511, 514 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989).
After a careful review of the record, we believe that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have concluded that the State proved beyond a reasonable doubt that the defendant committed the instant offense.
This assignment of error is meritless.

ASSIGNMENT OF ERROR NO. TWO:
In this assignment of error, the defendant contends that the trial court erred in sustaining the State's objection to defense counsel's questioning of a witness concerning the victim allegedly being sexually molested by someone other than the defendant.
During the cross-examination of the victim's mother, Mrs. Shapiro, defense counsel asked if the victim had ever told Mrs. Shapiro that she had been molested by a man named Gilbert Martinez. The prosecutor immediately objected on the basis that any other such molestation was not relevant to the instant trial. After entertaining argument from defense counsel, the prosecutor, and referring to Louisiana Code of Evidence article 412, the trial court sustained the objection.
*1177 Louisiana Code of Evidence article 412 provides, in pertinent part:
Art. 412. Victim's past sexual behavior in sexual assault cases
A. Opinion and reputation evidence. When an accused is charged with a crime involving sexually assaultive behavior, reputation or opinion evidence of the past sexual behavior of the victim is not admissible.
B. Other evidence; exceptions. When an accused is charged with a crime involving sexually assaultive behavior, evidence of specific instances of the victim's past sexual behavior is also not admissible except for:
(1) Evidence of past sexual behavior with persons other than the accused, upon the issue of whether or not the accused was the source of semen or injury; provided that such evidence is limited to a period not to exceed seventy-two hours prior to the time of the offense, and further provided that the jury be instructed at the time and in its final charge regarding the limited purpose for which the evidence is admitted; or
(2) Evidence of past sexual behavior with the accused offered by the accused upon the issue of whether or not the victim consented to the sexually assaultive behavior.
In his brief to this court, the defendant argues that evidence of the alleged molestation of the victim by Mr. Martinez "was offered to show that someone other than the defendant had molested her in the past, therefore, she was able to describe the act of molestation." The defendant specifically notes that such evidence was not offered to impeach the victim's general reputation for chastity. Nevertheless, the trial court correctly ruled that any other such molestation of the victim was irrelevant and inadmissible. See State v. Feet, 481 So.2d 667, 673-674 (La.App. 1st Cir.1985), writ denied, 484 So.2d 668 (La.1986); State v. Miller, 449 So.2d 1361, 1363-1364 (La.App. 1st Cir.), writ denied, 450 So.2d 965 (La. 1984). In this case, the victim was not physically injured, and no semen or other such physical evidence was recovered. See LSA-C.E. art. 412 B(1). See also State v. Langendorfer, 389 So.2d 1271, 1274-1275 (La.1980). Furthermore, consent was not an issue in this case. See LSA-C.E. art. 412 B(2). See State v. Vaughn, 448 So.2d 1260, 1267-1268 (La.1983). Additionally, as also noted by the trial court, the defense failed to comply with the pre-trial, written motion requirements of Louisiana Code of Evidence article 412 C and D.
For the above reasons, this assignment of error is meritless.

ASSIGNMENTS OF ERROR NOS. THREE AND FOUR:
In assignment of error number three, the defendant contends that the trial court erred in imposing an excessive sentence. In assignment of error number four, the defendant contends that the trial court erred in failing to comply with the sentencing guidelines of LSA-C.Cr.P. article 894.1.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. LSA-C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La. 1990). In light of the criteria expressed by article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has great discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
In support of these assignments of error, the defendant repeated his contention that the sentence is excessive, noted in a brief argument that he had no prior criminal *1178 record and that the offense occurred on only one occasion, and concluded that the sentence was excessive in light of the evidence presented by the State. However, as noted in assignment of error number one, the evidence was sufficient to support the instant conviction. Furthermore, although the transcript of sentencing was not lengthy, we conclude that the trial court adequately complied with the sentencing guidelines of LSA-C.Cr.P. article 894.1.
Initially, the trial court noted that the defendant had been convicted by a jury of his peers and immediately imposed sentence. In stating the reasons therefor, the trial court referred to the nature of the offense and especially noted the fact that the victim was the defendant's own daughter. The trial court stated that any lesser sentence would indicate that the instant offense was not a serious one and concluded that the defendant was in need of correctional treatment. The trial court noted that the defendant's conduct did not cause physical harm to the victim. However, the trial court also noted that this conduct caused great emotional and psychological trauma which the victim must now overcome. The trial court stated that the victim did not facilitate or encourage the offense and concluded that nothing could excuse or justify the defendant's conduct. The trial court specifically stated that it did not impose the maximum sentence because the defendant had no prior criminal record and because the offense was a single incident rather than a pattern of repeated behavior.
For this conviction of molestation of a juvenile over whom he had control or supervision, the defendant was exposed to a maximum sentence of 15 years at hard labor and a maximum fine of $10,000. See LSA-R.S. 14:81.2 C. The defendant received a sentence of twelve years at hard labor, but no fine was imposed. Considering the circumstances of this offense and the reasons for sentencing given by the trial court, we find no abuse of discretion in the sentence imposed.
These assignments of error are meritless.
CONVICTION AND SENTENCE AFFIRMED.