633 So.2d 941 (1994)
STATE of Louisiana
v.
Louis MICHEL.
No. 93 KA 0789.
Court of Appeal of Louisiana, First Circuit.
March 11, 1994.
Robin O'Bannon, Asst. Dist. Atty., Gonzales, Representing the state-appellee.
Ricky L. Babin, Gonzales, Representing the defendant-appellant.
Before LOTTINGER, C.J., and CRAIN and LeBLANC, JJ.
CRAIN, Judge.
The defendant, Louis Michel, was charged by bill of information with indecent behavior with a juvenile, in violation of LSA-R.S. 14:81. He pled not guilty and, after trial by jury, was found guilty as charged. He received a sentence of five and one-half years at hard labor, with credit for time served.[1] The defendant has appealed, alleging two assignments of error, as follows:
1. The trial court erred in allowing the State to introduce evidence that the defendant made sexual advances to the victim's mother on the night of the instant offense.
2. The trial court erred in preventing the defendant from introducing evidence of a previous act of sexual abuse against the victim.
*942 At approximately 5:30 p.m. on September 24, 1991, the defendant arrived at the home of his niece, Emily Michel, on Pine East Road in St. Amant, Louisiana. Ms. Michel's cousin, Brent, was riding a tractor in the back pasture and the defendant followed him. That afternoon and evening, several persons including Ms. Michel, Brent, and the defendant began drinking and talking. At approximately 10:00 p.m. that evening, the only persons remaining at the residence were Ms. Michel, her son, her eight year old daughter (the victim in the instant case), and the defendant. The defendant suddenly began making sexual advances toward Ms. Michel, who responded by asking him to leave. The defendant pulled Ms. Michel down on the couch and attempted to kiss her. Although she pulled away and ordered the defendant to leave, he remained on the couch. Because Ms. Michel did not have a phone, she left her house and drove to a nearby pay phone and called the police. She met two Ascension Parish deputy sheriffs at a nearby location and returned with them to her house. When the deputies entered the residence, they began a search of each room. The defendant was located in the victim's bed. When ordered out of the bed, the deputies observed that the defendant was naked from the waist down, his penis was erect, and a liquid substance was dripping from it. After the defendant was removed from the bedroom, Ms. Michel discovered that her daughter also was naked from the waist down. The victim began crying and stated that the defendant had "hurt her and that he was rubbing his private on her private."

ASSIGNMENT OF ERROR NO. ONE (ASSIGNMENT NO. TWO IN DEFENDANT'S BRIEF):
In this assignment of error, the defendant contends that the trial court erred in allowing the State to introduce evidence that the defendant made unwanted sexual advances to the victim's mother on the night of the instant offense. The defendant argues that this evidence was irrelevant and prejudicial, resulting in reversible error.
Generally, evidence of criminal offenses other than the offense being tried is inadmissible as substantive evidence because of the substantial risk of grave prejudice to the defendant. State v. McDermitt, 406 So.2d 195, 200 (La.1981). In order to avoid the unfair inference that a defendant committed a particular crime simply because he is a person of criminal character, other crimes evidence is inadmissible unless it has an independent relevancy besides simply showing a criminal disposition. State v. Lafleur, 398 So.2d 1074, 1080 (La.1981).
Louisiana Code of Evidence article 404 B(1) provides:
Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
At the trial, Ms. Michel testified that the defendant began making sexual advances toward her. She ordered him to leave, but he refused. She then left her home in order to call the police. Meanwhile, the defendant committed the instant offense. Contrary to the defendant's argument, we find this evidence of unwanted sexual advances toward Ms. Michel was relevant to the issue of the defendant's intent to arouse or gratify his sexual desires. See LSA-R.S. 14:81 A. We reject the defendant's argument in brief asserting a difference between what he characterized as "normal" sexual behavior of expressing his sexual desires toward another adult and deviant sexual behavior of committing physical and sexual contact with a juvenile.
Furthermore, this evidence of unwanted sexual advances toward Ms. Michel clearly was a part of the res gestae, i.e., it related to conduct that constituted an integral part of the act or transaction that is the subject of the present proceeding. See Louisiana Code of Evidence art. 404 B(1). If Ms. Michel had not been forced to leave her home and call the police, the instant offense almost certainly would not have occurred. Therefore, the *943 defendant's sexual advances toward Ms. Michel were an integral part of the instant offense and were admissible on this basis.
For the above reasons, this assignment of error is meritless.

ASSIGNMENT OF ERROR NO. TWO (ASSIGNMENT NO. ONE IN DEFENDANT'S BRIEF):
In this assignment of error, the defendant contends that the trial court erred in preventing him from introducing evidence of a previous act of sexual abuse against the victim.
Louisiana Code of Evidence article 412 provides, in pertinent part:
A. When an accused is charged with a crime involving sexually assaultive behavior, reputation or opinion evidence of the past sexual behavior of the victim is not admissible.
B. When an accused is charged with a crime involving sexually assaultive behavior, evidence of specific instances of the victim's past sexual behavior is also not admissible except for:
(1) Evidence of past sexual behavior with persons other than the accused, upon the issue of whether or not the accused was the source of semen or injury; provided that such evidence is limited to a period not to exceed seventy-two hours prior to the time of the offense, and further provided that the jury be instructed at the time and in its final charge regarding the limited purpose for which the evidence is admitted; or
(2) Evidence of past sexual behavior with the accused offered by the accused upon the issue of whether or not the victim consented to the sexually assaultive behavior.
In his brief to this Court, the defendant states:
The jury should have been allowed to hear evidence of a possible sexual molestation of this minor which occurred in 1988.... This evidence was critical in that it establishes a possible alternative source for the victim's account of the incident. If the child had, on a previous occasion, been sexually molested and had been educated as to this type of sexual behavior through this prior act, that fact may explain her vivid account of the incident that she gave at trial. Without this information being admitted into evidence, the jury would know of no other source in which a child of this age could have learned or been exposed to this type of information. The jury could only believe that the child was subjected to such behavior by this defendant. Had the jury been able to hear of prior acts of sexual molestation, they would have been aware of an alternative source of the victim's testimony which significantly weakens the state's case....
The evidence is not being offered nor would the jury believe that the evidence is being offered to attack the child's character. Any prior sexual acts committed on this youngster were done involuntarily on the part of the child. Therefore, the jury would not see the fact that she has been molested on a prior occasion as a personal attack on her. She was only a victim. Indeed, evidence regarding prior molestations of this minor would make her a more sympathetic witness in the eyes of the jury....
Article 412 is intended to prevent or "shield" sex crime victims from having irrelevant, prejudicial, and embarrassing information about the victim's sexual activity brought out in trial. The article, by its clear terms, was not intended to exclude from evidence involuntary assaults previously perpetrated on the victim....
Involuntary sexual attacks, assaults, or forced acts committed against the victim would not and could not impugn someone's character. Since such acts are "involuntary," the fact that they occurred in no way reflect (sic) on the "character" of the victim. Given this fact, Article 412 was not intended to exclude prior involuntary sexual assaults committed upon the victim. (Defendant's brief, pp. 10-13).
The defendant admits that this issue was raised and rejected in State v. Blue, 591 So.2d 1173 (La.App. 1st Cir.1991), writ granted in part and denied in part, 591 So.2d 1172 (La.1992). However, he argues that the decision in State v. Blue did not consider the intent of Article 412, which is *944 primarily designed to protect victims of sexual abuse from unwarranted investigations of their past sexual behavior and improper attacks upon their character and reputation. We have carefully considered the defendant's interesting argument regarding the applicability and intent of Article 412. We also have considered the defendant's constitutional right to present a defense. In this case, had the victim's testimony been the only evidence identifying him as the perpetrator, the defendant's constitutional right to present a defense might have overcome a rigid application of Article 412 preventing any exploration of specific instances of the victim's past sexual behavior. However, an examination of the facts of the instant offense confirms our decision that Article 412 was correctly applied in this case to prevent any exploration of a possible sexual molestation of the victim in 1988. The defendant was discovered in the victim's bed. Both of them were naked from the waist down. When ordered out of her bed by the deputies, the defendant was observed to have a liquid substance dripping from his erect penis. Considering these facts, we find that the instant case is not distinguishable from the situation presented in State v. Blue and, therefore, we conclude that the trial court correctly prevented any exploration of an alleged prior act of sexual abuse of the victim.
For the above reasons, this assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Although the State filed a habitual offender bill of information alleging the defendant to be a second felony offender, the instant sentence was not so enhanced; and the record gives no indication of the disposition of that matter.