| iPETERS, Judge.
The defendant, O.D. Ellis, entered a guilty plea to forcible rape, a violation of Louisiana Revised Statutes 14:42.1, and was sentenced to fifteen years at hard labor. As a condition of entering the guilty plea, the defendant reserved his right to appeal denial of a motion to quash the bill of information for denial of a speedy trial and due process rights. The matter is before this court on that appeal.
BACKGROUND
On August 25, 1993, defendant, O.D. Ellis, was charged by bill of information with aggravated rape, a violation of Louisiana Revised Statutes 14:42. On the same day, he entered a plea of not guilty to the charge. The bill of information alleges that the offense occurred on or about August 17, 1991. On June 13,1994, on motion of the state, trial was fixed for June 27, 1994. On June 20, 1994, the defendant filed a motion to quash the bill of information alleging that he had been denied his rights to a speedy trial and due process of law. In his motion to quash, Lthe defendant alleges he was arrested on August 17, 1991, and remained in prison since the date of his arrest.
On June 27, 1994, the state filed a bill of information amending the original charge to forcible rape; the trial court denied the motion to quash; and the defendant entered a plea of guilty to forcible rape, reserving his right to appeal the denial of the motion to quash. The trial court then sentenced him to fifteen years at hard labor.
ASSIGNMENT OF ERROR
In his sole assignment of error, the defendant alleges the trial court erred in denying his motion to quash the bill of information. The two grounds alleged in the motion to quash are that the defendant was *950 denied a speedy trial and that he was denied due process of law because he was denied access to certain physical evidence prior to trial.
The constitutional right to a speedy trial attaches when an individual becomes an accused either by formal indictment or bill of information or by arrest and actual restraint. State v. Butler, 615 So.2d 496 (La.App. 3d Cir.1993). In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court identified four factors which courts should assess in determining whether a particular defendant has been deprived of his right to a speedy trial: The length of delay, the reason for the delay, the defendant’s assertion of his right, and prejudice to the defendant.
In the case at hand, analysis is made difficult because the record is not clear as to certain dates. Specifically, the only evidence in the record as to when the right to speedy trial attached comes from the defendant who alleges in his motion to quash that he was arrested on August 17, 1991, and remained in custody pending trial on June 27, 1994. Assuming this date is accurate, a period of almost three years lapsed from the time he was arrested until the time of trial. We find this delay presumptively prejudicial in light of the nature of the crime and evidence needed to Igconvict the defendant.
Additionally, the reasons for the delay are not clear from the record. The state filed various pleadings during this time including:
• August 28, 1991 (motion to compel the appearance of defendant in a lineup);
• September 3, 1991 (motion for hair samples);
• December 20, 1993 (motion for hair sample and motion fixing trial);
• January 6, 1994 (motion for hair samples);
• June 13, 1994 (motion fixing trial); and
• June 17, 1994 (notice of intention to introduce Criminalistics Laboratory Report).
The defendant filed only two motions. One was the motion to quash now being considered by this court, and the other was a motion to suppress all evidence seized by any law enforcement officer, doctor, or any other authorized medical personnel. The motion to suppress was filed January 26, 1994, and the record is silent as to its disposition. These facts are inconclusive as to the reasons for the delay, and no statements by the state have been found in the record explaining the delay.
The third factor to assess under Barker, supra, is the defendant’s assertion of his right to a speedy trial. In the instant case, the defendant did not assert his speedy trial right until he filed his motion to quash on June 20, 1994, or seven days before trial. The matter had previously been set for trial. Assuming the defendant had been incarcerated from August 17, 1991, to trial, the record is void of any explanation for this late filing. We find these facts to weigh heavily against the defendant in consideration of this motion.
Under Barker, supra, prejudice to the defendant is also a factor to be considered in determining whether a defendant has been denied a speedy trial. On appeal, the defendant argues he has suffered prejudice because the state destroyed ^evidence critical to his defense through delay. Specifically, the defendant asserts that physical evidence in the form of semen and saliva taken from the victim on August 17, 1991, was not delivered to the crime lab for analysis until June 14, 1994, and that this delay resulted in inconclusive testing of the evidence.
The record contains a report from the North Louisiana Criminalistics Laboratory dated June 17, 1994, which summarizes the Laboratory’s analyses of one Victim Sexual Assault Evidence Collection Kit from the alleged victim and of one Suspect Sex Crime Evidence Kit from the defendant.[1] The report provides that saliva, seminal acid phosphatase, and spermatozoa could not be detected in certain items presented and that due to the decomposed condition of the vaginal washings and vaginal pool no conclusive statement could be made.
*951 The court is troubled by the fact the biological evidence was not timely tested. However, this factor by itself cannot be considered so prejudicial to the defendant’s case so as to preclude his ability to present a defense. There are two reasons for this conclusion:
1) The defendant could have moved for testing and did not do so; and
2) Because the burden is on the state, the loss of viable biological evidence means less evidence was available to the state to prove its case.
The defendant asserts in his motion to quash and on appeal that he had continuously requested to examine the results of the laboratory testing and that his requests were denied. He also asserts that his requests to have the physical evidence examined by his own expert were denied. However, the record is void of any evidence showing that such requests were made or denied.
While we find the delay lengthy and the lack of explanation for the delay |5somewhat disturbing, we do not find these facts resulted in the deprivation of defendant’s constitutional right to a speedy trial when weighed with his delay in asserting the right and his failure to demonstrate prejudice. Under the facts of this ease, we hold that the trial court did not err in denying defendant’s motion to quash.
ERROR PATENT
Louisiana Code of Criminal Procedure article 920 provides that the scope of appellate review not only includes consideration of assignments of error, but also any “error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” A review of this record reveals one such error.
The original charge of aggravated rape was instituted through a bill of information. However, aggravated rape is punishable by life imprisonment. La.R.S. 14:42(C). Therefore, prosecution must be instituted by grand jury indictment. La. Const. art. 1 § 15; La. Code Crim.P. art. 382(A). However, the original charge was subsequently amended by bill of information to forcible rape. The amended charge of forcible rape is the charge to which the defendant pled guilty. Forcible rape is not punishable by death or life imprisonment. La.R.S. 14:42.1(B). Therefore, prosecution for the offense may be instituted by bill of information. La.Code Crim.P. art. 382(A). Forcible rape is properly instituted by bill of information and it does not appear that defendant suffered any prejudice.
CONCLUSION
The defendant’s conviction and sentence is affirmed in all respects.
AFFIRMED.
AMY, J., concurs in the result.

. Interestingly, both the original and amended bills of information list the victim as Cynthia Johnson, while the crime lab report indicates that the victim sexual assault evidence collection kit was from Cynthia Murray.