DECUIR, Judge.
Defendant, Jessie Williams, Jr., was charged with oral sexual battery in violation of La.R.S. 14:43.3 A(2) by bill of information for incidents beginning in 1987. He was subsequently indicted by grand jury for aggravated rape and aggravated oral sexual battery in violation of La.R.S. 14:42(4) and La.R.S. 14:43.4(4), respectively, for incidents occurring between 1987 and 1990. Defendant appeared before the court with his attorney and pled not guilty to oral sexual battery, aggravated rape, and aggravated oral sexual battery. Before trial and without objection from the defense, the charges were amended by bill of information to molestation of a juvenile by virtue of supervision and control in violation of La.R.S. 14:81.2 for incidents occurring between 1987 and 1994.[1] Prior to trial, defendant entered a formal plea of not guilty. Defendant was tried by jury and found guilty of ^molestation of a juvenile by virtue of supervision and control of the juvenile. He was sentenced to fifteen (15) years at hard labor and ordered to pay a $10,000.00 fine. Defendant now appeals the conviction and sentence.

FACTS:

Defendant was charged with committing lewd and lascivious acts during 1987 through 1994 upon his stepdaughter, who was sixteen (16) years old at the time of trial. The defendant’s stepdaughter claimed that Williams had digitally manipulated her since she was eight years old. She also claimed Williams began having sexual intercourse with her when she was fourteen years old. Defendant denied all allegations.

ASSIGNMENT OF ERROR NO. 1:

First, the defendant contends the trial court erred in imposing a constitutionally excessive sentence of fifteen years.
Article 1, § 20 of the Louisiana Constitution of 1974, prohibits “cruel, excessive, or unusual punishment.” A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits |3will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210, (La.1982).
The appropriate sentence for molestation of a juvenile is found in La.R.S. 14:81.2(C), which states:
Whoever commits the crime of molestation of a juvenile when the offender has control or supervision over the juvenile shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, *511 for not less than one nor more than fifteen years, or both, provided the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with Code of Criminal Procedure Article 893.[2]
Defendant orally filed a motion to reconsider sentence on March 14,1996, which was denied by the trial judge in open court on the same day.
In State v. Blue, 591 So.2d 1173 (La.App. 1 Cir.1991), writ granted in part, denied in part and vacated, 591 So.2d 1172 (La.1992), the trial court sentenced the defendant to twelve (12) years at hard labor and imposed no fine after a conviction pursuant to La. R.S. 14:81.2(C). The First Circuit Court of Appeal affirmed. In that case, defendant was accused of a single incident of molestation of his daughter. The trial court did not sentence the defendant to the maximum sentence because defendant had no prior criminal record and the offense was a single incident rather than a pattern of repeated behavior. The Louisiana Supreme Court vacated the sentence and remanded the case for resentencing because there was not adequate compliance with La.Code Crim.P. art. 894.1 nor a sufficient factual basis to impose a near maximum term since defendant was a first offender and this was a single act of molestation.
|4The case sub judice is distinguishable from the Blue case. Defendant participated in numerous acts of molestation with his daughter over a seven-year period. He began by fondling the victim which eventually led to sexual intercourse. The frequency of the molestation and defendant’s admission to such in the presentence investigation justify the maximum sentence imposed.
At trial, Loula Savoy, a crisis intervention worker for the Department of Social Services, testified that she went to the victim’s school to speak with her on October 10,1994. During that interview, Ms. Savoy asked the victim how often sexual intercourse occurred with defendant after the age of twelve. The victim responded that it could happen as many as five to seven times a day.
The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La. Code Crim.P. art. 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph C of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983).
The record reflects that when Williams was sentenced, the trial judge discussed the mitigating factors by stating:
Mr. Williams, you have no prior felonies or misdemeanors. You have stated that you are a victim of a sexual offense. I should note for the record, though, that the way in which this information comes is not presented as an effort by the offender to explain or cause his behavior, it is presented to the Court as the reason why he should not be incarcerated and risk recurrence. As the pre-sentence investigation 15expressed his attitude, he believes that he himself is the true victim. That diminishes, in my mind, the impact of that mitigating factor.
During sentencing, the trial judge discussed the aggravating factors considered in contemplation of defendant’s sentence:
There are severe aggravating factors. The facts of this offense, as found by the jury which heard the testimony and brought in the verdict of guilty as charged, shocked and horrified, and put this example of molestation among the most egregious. The defendant, the only father the victim knew, began sexual play when she
*512 was seven. By twelve there was intercourse, and that continued in frequency until the victim was fifteen. She told her mother and was not believed and, to this day, the mother has not been supportive of her.
I’ve reviewed the case law of other instances of molestation. Long sentences are given for single incidence....
The impact of being raised in this fashion has been tremendous. The victim feels betrayed. She’s estranged from her family. She’s undergoing counseling and undergoing medical treatment for a sexually transmitted disease. I find no evidence whatsoever that you are entitled to any suspension of sentence.
Defendant was interviewed by Officer Angela Blanchard of the Louisiana Department of Public Safety and Corrections for the Pre-Sentence Investigation Report. At the beginning of the interview, Williams was reluctant to comment on the verdict except to say, “I’ve been found guilty and that’s all there is to it.” After further conversation, defendant admitted he had sex with the victim “but I never forced myself on her in anyway. I would never do that. I’ve never forced myself on her and I would never force myself on any women. I never forced myself on her, I’ve never forced myself on my wife and I’ve never forced myself on my sister-in-law.” When defendant was asked if he could imagine how the victim felt, he stated, “I wonder if she can imagine how I feel.” Williams repeatedly stated he did nothing wrong because both he and the victim “wanted it” as if it were consensual sex. He also referred to the victim as “one of his kids,” as if he believed his actions were normal and appropriate behavior. Officer Blanchard reported defendant was not | (¡remorseful for his actions but appeared sorry for the consequences which he is “unjustly” enduring. In Officer Blanchard’s summary, she stated defendant appeared to be predisposed to this type of behavior regardless of his relationship to the offender.
Referring to Officer Blanchard’s report, the trial judge stated:
According to the report from the Department of Probation and Parole, you have no comprehension of your prurient misconduct. Your justifying statements “I never forced myself on anyone, not my daughter, not my wife, not my sister-in-law.” “It can’t be rape if she was on top,” persuade the Court that you just are not someone who has any right to live with us in this society.
After consideration of these facts, factors in mitigation and the factors in aggravation, I will impose the maximum sentence allowed by law.
Defendant’s attitude concerning “consensual” sex with a young child is so shocking as to warrant the maximum sentence. Furthermore, the length and frequency of the ongoing violation of the child justifies a maximum sentence.

ASSIGNMENT OF ERROR NO. 2:

Secondly, defendant contends his right to a speedy trial under La.Code Crim.P. art. 701 was violated.
Defendant was arrested on November 4, 1994, and charged by bill of information with oral sexual battery on December 6, 1994. He was indicted by a grand jury on February 1, 1995, for aggravated rape and aggravated oral sexual battery. Defendant’s motion for speedy trial was granted on February 3, 1995. Defendant was arraigned on the three (3) charges on February 16, 1995, and entered a plea of not guilty to the three (3) charges. Trial was fixed for April 17, 1995, which was continued at the request of Defendant. Defendant’s motion to reduce bond was denied on May 23, 1995. On June 19, 1995, the trial court granted the District Attorney’s motion to have the matter refixed for trial on July 17, 1995. On July 17, 171995, defendant’s trial was again continued until August 7, 1995, upon motion of the District Attorney due to unavailability of a witness. The August trial date was continued due to a backlog on the docket. On September 12, 1995, the trial court denied defendant’s writ of habeas corpus. On December 1, 1995, defendant’s second writ of habeas corpus was granted and made execu-tory on January 8, 1996. An amended bill of information was filed on January 8, 1996, charging defendant with molestation of a ju *513 venile by virtue of supervision and control. Defendant entered a plea of not guilty and the trial began.
Defendant claims he was not afforded his right to speedy trial under La.Code Crim.P. art. 701. This court previously addressed this argument in State v. McSweeney, 619 So.2d 861, 864 (La.App. 3 Cir.1993) when it stated:
Our jurisprudence recognizes two separate and distinct bases for a defendant’s right to a speedy trial: a statutory right granted by LSA-C.Cr.P. Art. 701 and a constitutional right embodied in the Sixth Amendment to the United States Constitution and Article 1, Section 16 of the Louisiana Constitution of 1974. (Citations omitted).
Defendant alleges La.Code Crim.P. art. 701 was violated three (3) separate times: (1) when the grand jury was convened in excess of sixty (60) days of his arrest; (2) when defendant was not arraigned within thirty (30) days of the filing of the bill of information; and (3) when he was not tried within one hundred twenty (120) days of the filing of his motion for speedy trial.
Defendant was arrested on November 4, 1994, on oral sexual battery charges and charged with a bill of information on December 6,1994. The grand jury did not convene until February 1, 1995, but defendant had already been formally charged for the oral sexual battery; therefore, defendant’s allegation that the grand jury convened in excess of sixty (60) days of his arrest is irrelevant to his first charge. He was indicted by a grand jury on February 1, 1995, on additional charges of aggravated Isrape and aggravated oral sexual battery. He was arraigned on all three (3) of the charges on February 16, 1995.
Secondly, defendant alleges he was not arraigned within thirty (30) days of the filing of the bill of information. Defendant was arrested on November 4, 1994, charged by bill of information with oral sexual battery on December 6, 1994, and arraigned on February 16, 1995. La.Code Crim.P. art. 701(C) requires the district attorney to set the matter for arraignment within thirty (30) days of the filing of a bill of information or indictment, unless just cause for a longer delay is shown. Defendant was arraigned on the oral sexual battery charge one hundred and four (104) days after the filing of the bill of information on December 6,1994.
According to Assistant District Attorney Lori Landry, Defendant was not arraigned on the first charge earlier because he was additionally charged when the grand jury reconvened on February 1, 1995. The state contends that Williams did not assert his right of untimely arraignment during his arraignment nor during his bond reduction hearing. He did not raise the issue of untimely arraignment until August 31, 1995. The state also contends that there was some delay for arraignment because of self-inflicted wounds suffered by defendant while in jail occurring on January 1, 1995. The arraignment on the oral sexual battery charge was not made timely, therefore, defendant’s detention was illegal.
Nevertheless, in State v. Varmall, 539 So.2d 45, 46 (La.1989), the court stated, “[djetention beyond the statutory period is illegal, but the illegality ceases when a significant judicial event subsequently occurs.” Defendant’s detention for the oral sexual battery charge on December 6, 1994, until his arraignment was illegal, but this illegality ceased when he was actually arraigned on February 16,1995. Therefore, 19defendant is not entitled to relief even though he was arraigned after the statutory period.
Next, defendant’s motion for speedy trial was granted on February 3, 1995, but defendant requested the April 17, 1995 trial setting be continued alleging insufficient time to prepare for trial. La.Code Crim.P. art. 701(D)(1) requires a defendant’s motion for speedy trial be accompanied with an affidavit by defendant’s counsel certifying that the defendant and his counsel are prepared to proceed to trial within the delays set forth in the article. His motion did not contain the required affidavit stating he was prepared to go to trial immediately. Since defendant continued the April trial date immediately after his motion was granted, he was not ready for trial. The State claims some of the delays were due to a backlog in the court’s docket, which is just cause for the delay.
*514 Defendant’s statutory right to a speedy trial is found in La.Code Crim.P. art. 701(D), which provides that the trial of a defendant charged with a felony shall commence within 120 days if he is continued in custody. “However, this article merely authorized the pre-trial release of defendant, and upon a defendant’s conviction, the issue is moot.” McSweeney, 619 So.2d at 865, citing, State v. Cowger, 581 So.2d 283 (La. App. 5 Cir.1991); State v. Johnston, 480 So.2d 823 (La.App. 2 Cir.1985). Defendant was convicted, thus a violation of Defendant’s statutory right to a speedy trial is moot.
It is unclear from his brief whether defendant is arguing a violation of his constitutional right to a speedy trial. In any event, we address this issue.
The constitutional right to a speedy trial attaches when an individual becomes an accused, either by indictment or bill of information, or by arrest and actual restraint. The initial inquiry is into the length of the delay. If the delay is presumptively prejudicial, there will be an inquiry into other factors, such as the reasons for the delay, defendant’s assertion of his rights, and the actual prejudice to defendant.
McSweeney, 619 So.2d at 865.
In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court identified four factors which should be used to determine whether a particular defendant has been deprived of his right to a speedy trial: the length of delay, the reason for the delay, the defendant’s assertion of his right, and prejudice to the defendant.
In State v. Ellis, 94-1106 (La.App. 3 Cir. 3/1/95), 651 So.2d 949, this court held that a nearly three-year delay in bringing the defendant to trial did not deprive the defendant of his right to speedy trial. The defendant was arrested on August 17, 1991, and remained in prison until his guilty plea to an amended bill of information on June 27,1994.
In the case sub judice, there was no delay between the amended bill of information and his trial on January 8, 1996. Defendant was originally indicted on three (3) different charges, for which he was not tried, on February 1, 1995. Assuming the delay from the original indictment to trial is prejudicial, the other factors listed in Barker must be analyzed.
The length of the delay was little more than a year from defendant’s arrest until his trial. The reasons for this delay was a backlog of criminal cases, unavailability of a witness, and a request by defense counsel for a continuance. These reasons do not include bad faith or deliberate delay on the part of the State. Defendant asserted his statutory right to a speedy trial early in the proceedings. He claims he was prejudiced because he was not granted a release without bail or discharge of the bail obligation. We conclude that the reasons for delay were valid, especially since defense counsel was one cause for the delay of the trial.
In CONCLUSION:
Considering the circumstances of this offense and reasons for sentencing given by the trial court, we find no abuse of discretion in the sentence imposed and affirm defendant’s sentence. Furthermore, defendant’s right to a speedy trial was not violated since the delay between his arrest and conviction was not unnecessarily long and the delay was supported by just cause. Defendant’s own counsel delayed the trial at least once. The other delays were justified because of docket backlog and unavailability of a key witness.
AFFIRMED.

. The amended bill was filed in open court on January 8, 1996. This bill amended the charges from oral sexual battery, aggravated rape and aggravated oral sexual battery committed in 1987 through 1990, to molestation of a juvenile committed in 1987 through 1994.

. The 1990 amendment to La.R.S. 14:81.2, at the end of subsections B and C, added, "provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893.”