YELVERTON, Judge.
Defendant, Mickey Dale Lanerie, was. convicted of aggravated rape in violation of La.R.S. 14:42, and sentenced to life in prison at hard labor without benefit of parole, probation or suspension of sentence. On appeal defendant raises four assignments of error.
FACTS:
The testimony of the victim at trial reveals the following facts: At approximately 12:15 a.m. on April 28, 1985, in Lafayette, Louisiana, she returned to her trailer after getting off of work. After putting on her gown and robe, she laid down on her couch. About 2:00 a.m. a neighborhood boy, James Picard, knocked on the door. Picard was with someone but the victim initially did not know who that other person was as he stood behind the door. Later that night, she did see who Picard was with and at trial she identified him as the defendant.
Because the bars closed at 2:00 a.m., Picard and the defendant wanted to “party” at the victim’s trailer. She refused and they left. About 15 minutes later, Picard and the defendant returned to the trailer and made the same request. She again refused to allow them to come in. Thirty minutes later, defendant alone returned to the victim’s trailer and forced his way in.
He pushed her down and locked the door. She tried to get out of the trailer but he pushed her down and sat on her. She tried to fight him. Defendant threatened to hit her with an axe handle if she continued to fight him. When the victim continued to resist, he hit her in the head with the axe handle. Although weak and dizzy from the blow to her head, the victim continued to resist. As hitting her with the axe handle did not calm her resistance, defendant threatened to put a normal size wooden bowling pin in her if she did not stop resisting. Weak and dizzy, the victim could resist no longer. Defendant then raped the victim. When asked what happened next, the victim responded, “He got up and he grabbed his pants and he said I was the worst he had ever had, and he ran out.”
ASSIGNMENT OF ERROR NO. 1:
Defendant alleges Louisiana’s statutory scheme is unconstitutional because it grants sentencing authority to the jury. Pointing out that the aggravated rape statute, La.R.S. 14:42, and the forcible rape statute, La.R.S. 14:42.1 are virtually identi *1148 cal, defendant argues that because the two statutes can thus be applied to the same crime sentencing authority is in effect given to the jury. The final step in the argument is that given defendant’s right to appellate review of sentence, these statutes are unconstitutional as applied because they grant to the jury the power to sentence without any guidelines.
In State v. Willie, 422 So.2d 1128 (La.1982), the constitutionality of the aggravated and forcible rape statutes was upheld despite the defendant’s contention that the statutes were unconstitutionally vague. In explaining its previous decision in State v. Parish, 405 So.2d 1080 (La.1981) (on rehearing), affirmed after remand, 429 So.2d 442 (La.1983), the court in State v. Willie, supra, stated:
“... we held that although the legal definition of aggravated rape as set forth in La.R.S. 14:42(2) is virtually identical to that of forcible rape (La.R.S. 14:42.1), a distinction can be made based on the ‘degree of force employed and the extent to which the victim resists.’ We concluded that it was the legislative aim to divide the continuum of acts of coerced sexual intercourse into two categories, aggravated rape and forcible rape, thereby assigning to the jury the function of fixing the range of permissible punishment for convicted offenders by returning a verdict which appropriately fits the crime and the degree of force employed.”
Defendant is not correct in saying that the statutory scheme vests sentencing authority in the jury. The legislature, not the jury, determines the sentence. The jury’s function is to return a verdict which appropriately fits the crime and the degree of force employed. State v. Willie, supra. In assessing the evidence, the jury must determine if the evidence is sufficient to support a verdict of guilty as charged or guilty of a lesser included offense. Forcible rape is a responsive verdict to aggravated rape and the distinction between the two crimes is the “degree of force employed and the extent to which the victim resists.” La.C.Cr.P. art. 814; State v. Willie, supra.
If the jury concludes the evidence relative to the force employed warrants a verdict of guilty of aggravated rape, the defendant will be sentenced to life imprisonment without the benefit of parole, probation or suspension of sentence. La.R.S. 14:42. On the other hand, if the jury decides the evidence on the force employed is only sufficient to return a verdict of forcible rape, then the judge determines the sentence within the range of five to forty years at hard labor. La.R.S. 14:42.1.
In conclusion, because a distinction as to force employed has been recognized, the jury simply determines which verdict is appropriate after reviewing the evidence on the force employed. Whatever the verdict, the legislature has set the punishment. Therefore, the statutory scheme does not vest sentencing power in the jury. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2:
Defendant alleges the trial court erred in preventing defense counsel from questioning a State’s witness regarding sexual relations between that witness and the victim. James Picard, the person with whom defendant went to the victim’s trailer earlier on the evening of the rape, was called by the State to testify. On cross-examination, Picard was asked if he had ever gone out with the victim to which he responded negatively. When defense counsel asked Mr. Picard if he had ever had any physical contact with the victim, the State objected, and the objection was sustained. In his brief defendant argues he sought to establish that Picard had previously had sex with the victim and introduced defendant to the victim "... for the purpose of further sexual adventure.”
The Sixth Amendment to the United States Constitution provides “In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ...”. Our Constitution affords the accused the right to “... confront and cross-examine the witnesses against him ...”. Art. 1, § 16. La.R.S. 15:498 places a restriction on the right to confrontation in rape cases as it provides:
*1149 “Evidence of prior sexual conduct and reputation for chastity of a victim of rape or carnal knowledge shall not be admissible except for incidents arising out of the victim’s relationship with the accused.”
In State v. Vaughn, 448 So.2d 1260 (La.1983), the court stated the goals of La.R.S. 15:498, known as the rape-shield statute, as 1) reducing the ordeal of trial for the victim, 2) decreasing the possibility of unjust influence by inflammatory evidence, and 3) encouraging victims to report the crime of rape. In determining the applicability of the rape-shield statute, two competing interests must be balanced. The State’s need to protect the victim from embarrassing cross-examination must be weighed against the probative value of the evidence to determine whether the right of confrontation is being infringed.
In State v. Freeman, 447 So.2d 600 (La.App. 3rd Cir.1984), this court summed up the test for determining the applicability of the rape-shield statute when it stated:
“Only when the evidence ‘shielded’ by this statute is particularly relevant to the defendant’s guilt or innocence may the defendant’s right to set forth a defense override the prohibition in R.S. 15:498.”
The trial judge permitted counsel to ask Picard whether he told defendant that he had sexual intercourse with the victim, but would not allow Picard to be questioned as to whether he had actually ever had intercourse with her.
The defendant in the present case wanted to establish, in his words, "... that his friend, State’s witness, Picard, had had sex with the victim on prior occasions and had introduced the victim and defendant for the purpose of further sexual adventure”. As bearing on the consent of the victim, this use of prior sexual conduct evidence is the very thing the rape-shield statute prohibits. Whatever legitimate relevancy the evidence might have had was served by the trial judge’s granting permission to defendant’s counsel to ask Picard whether, on that night, he told defendant that he had had intercourse with the victim.
This assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 3:
Defendant next contends the trial judge erred in sustaining the prosecution’s objection when defense counsel asked Pi-card if any other charges against him were pending. Defendant argues that he was attempting to establish the State’s influence over Picard if charges were pending against him.
The trial court’s ruling was error, but the error was later cured.
While evidence of arrest may not be used under La.R.S. 15:495 to impeach the credibility of a witness, La.R.S. 15:492 provides:
“When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admits such fact, any other witness may be examined to establish the same.”
Under this statute it is permissible to question a witness about a pending charge if the purpose is to establish that the State has leverage over the witness. State v. Brady, 381 So.2d 819 (La.1980); State v. Ashworth, 469 So.2d 1198 (La.App. 3rd Cir.1985).
However, Picard later testified, on redirect-examination, that no promises of any sort were made by the State for his testimony. There is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 4:
Finally, defendant contends the trial court erred in concluding, after conducting an in camera inspection of the victim’s statement to police, defendant was not entitled to inspect the statement as there were no inconsistencies between it and her trial testimony. In Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the court held upon request of the accused the State must produce evidence which is favorable to the accused and material to guilt or innocence. The court *1150 in Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), after citing Brady, supra, stated “When the ‘reliability of a given witness may well be determinative of guilt or innocence,’ nondisclosure of evidence affecting credibility falls within this general rule.”
The issue to be resolved is whether the victim’s statement to police is evidence affecting her credibility because it allegedly contained inconsistencies. After an in camera inspection of the statement, the trial judge, finding no inconsistencies, denied defendant’s request for disclosure of the statement. At trial defendant contended there existed two inconsistencies between the victim’s trial testimony and the statement given by her to police after the incident. The first alleged inconsistency relates to how many times defendant and Picard returned to the victim’s trailer together that evening. The second alleged discrepancy is how much time elapsed between Picard’s and defendant’s last visit and defendant’s return alone to the victim’s trailer.
In her statement the victim indicated defendant and Picard together visited her trailer about 2:00 a.m. on the night of the rape. About fifteen to twenty minutes later, defendant returned to her trailer asking if he and Picard could come in and “party”. While unclear, the statement seems to indicate defendant was alone on the second visit. Approximately a half hour later, defendant returned alone for the third and final time.
During trial the victim was clear in her testimony that defendant and Picard returned together on the second visit. While the statement appears to indicate defendant returned alone on the second visit, such a discrepancy is minor and not material to defendant’s guilt or innocence. There is no discrepancy as to the time lapse between the second and third visits because the victim did not state a time at trial to contradict the time of one half hour given in her statement. While defendant alleges no other inconsistencies, we have reviewed the entire statement and the trial testimony and we have found no substantial inconsistency.
As the statement given by the victim to police contains no evidence affecting her credibility, the defendant was not entitled to disclosure and the trial judge’s ruling denying disclosure was proper. This assignment of error lacks merit.
The conviction is affirmed.
AFFIRMED.