640 So.2d 500 (1994)
STATE of Louisiana, Plaintiff-Appellee,
v.
Henry Allen BILLINGS, Defendant-Appellant.
No. CR93-1542.
Court of Appeal of Louisiana, Third Circuit.
May 4, 1994.
Gerald Henderson, for State of La.
George Lewis Higgins, III, for Henry Allen Billings.
Before YELVERTON and THIBODEAUX, JJ., and CULPEPPER[*], J. Pro Tem.
THIBODEAUX, Judge.
The defendant, Henry A. Billings, was indicted for aggravated rape. He pled guilty to the reduced charge of attempted aggravated rape and was sentenced to fifteen years at hard labor and ordered to submit to psychological evaluation.
Prior to pleading guilty to the reduced charge and before sentencing, the defendant filed a motion to introduce prior sexual activity. This motion was denied by the trial court. After its denial, the defendant entered a plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to *501 review the denial of his motion to introduce prior sexual activity. He did not reserve his right under State v. Crosby to appeal any other issues. Furthermore, the defendant did not file a motion to reconsider his fifteen year sentence nor did he object, in writing or orally, to the sentence imposed.

ASSIGNMENTS OF ERROR
The defendant lists ten assignments of error which he wants this court to consider. Because the defendant reserved his right to review only the question of the victim's prior sexual activity and because he did not object in any form to the sentence imposed, this court will not consider any of the assignments of error except that which was preserved in his conditional plea of guilty under State v. Crosby, supra. See, State v. Guidry, 524 So.2d 1254 (La.App. 3d Cir.1988); La. Code Civ.P. art. 841; Uniform Rules Courts of Appeal, Rule 1-3.

LAW & DISCUSSION
At the outset, it should be noted that the defendant did not follow the procedures set forth in Article 412 for raising the issue of prior sexual activity on the part of the victim of a sexually assaultive crime. Article 412 provides that before a person accused of committing a crime that involves sexually assaultive behavior may offer any evidence of the victim's past sexual behavior, the accused shall make a written motion to offer such evidence and the motion shall be accompanied by a written statement of the evidence setting forth the names and addresses of persons to be called as witnesses. This motion shall be made within the time for filing pretrial motions specified in the Code of Criminal Procedure except that the court may allow the motion to be made at a later date. After the motion is filed, the court determines the admissibility of the evidence at a hearing. La.Code Evid. art. 412(C-E). In the present case, the defendant waited until after jury selection and before opening statements to file a motion concerning the victim's prior sexual activities. This motion was untimely and even though the court and the prosecution allowed the defendant to present evidence and argument on his motion, the issue of untimeliness was not waived. In the recent United States Supreme Court case of Michigan v. Lucas, 500 U.S. 145, 111 S.Ct. 1743, 114 L.Ed.2d 205 (1991), the United States Supreme Court upheld the notice and hearing requirement of the Michigan rape shield statute. In upholding the requirement that a defendant must give notice and submit to a hearing if he wished to introduce evidence of a rape victim's prior sexual relationships, the United States Supreme Court noted that to the extent that a rape shield statute operates to prevent a criminal defendant from presenting relevant evidence, the defendant's ability to confront adverse witnesses and present a defense is diminished, but this does not necessarily render the statute unconstitutional. Michigan v. Lucas, 500 U.S. at 148, 111 S.Ct. at 1746. Applying this rationale, the notice and hearing requirement of La.Code Evid. art. 412 did not prevent counsel for the defendant from complying with this provision and it should not have diminished the defendant's right under the state and federal constitutions to confront witnesses or present a defense.
In State v. Lanerie, 527 So.2d 1146 (La. App. 3d Cir.1988), a case decided under former La.R.S. 15:498, the defendant attempted to introduce evidence that another person had engaged in sexual relations with the rape victim in order to raise the defense that the defendant was introduced by this other person to the victim for the purpose of "further sexual adventure." In upholding the trial court's decision to exclude this evidence, this court noticed that only when the evidence shielded by this statute is particularly relevant to a defendant's guilt or innocence may the defendant's right to set forth a defense override the prohibition in the rape shield statute. In Lanerie, this court determined that there was little relevancy between the evidence which the defendant was attempting to introduce and the issue of whether or not the defendant had engaged in unconsented sexual intercourse with the victim.
In State v. Blue, 591 So.2d 1173 (La.App. 1st Cir.1991), it was alleged by the defendant that the young victim of the defendant's crime had previously been molested by another *502 man. During cross-examination of the victim's mother, defense counsel tried to ask if the victim had ever told her mother she had been molested by another man. The prosecution objected and, relying upon Article 412, the trial court ruled that this evidence was inadmissible. Even though the defendant specifically noted that he was not introducing the evidence to impeach the victim's general reputation for chastity, but only to explain that someone other than the defendant had molested her in the past and therefore the young victim was able to describe the act of molestation from the previous act of molestation, the first circuit ruled that it was correct that the alleged prior acts of molestation of the victim were irrelevant and inadmissible in the present case. State v. Blue, 591 So.2d at 1177.
In State v. Trosclair, 584 So.2d 270 (La. App. 1st Cir.1991), writ denied, 585 So.2d 575 (La.1991), the first circuit engaged in a lengthy explanation concerning the balancing between the defendant's right to confront and cross-examine witnesses and the state's interest in protecting the victims of sexually assaultive crimes. Trosclair, 584 So.2d at 275. The defendant wanted to introduce evidence of the rape victim's semi-nude dancing at a party on a previous occasion, but the state objected on the ground of relevancy. The trial court sustained the state's objection to this evidence on the ground that it was irrelevant to the charge of aggravated rape. The trial court did not base its ruling on the rape shield statute, but if it had then that ruling would have been correct. Trosclair, 584 So.2d at 275. The court of appeal decided that pursuant to the rape shield law, any attempt by the defendant to introduce evidence of the victim's prior act of dancing semi-nude at a party was a failed attempt to introduce inadmissible evidence of the victim's past sexual conduct.
In the present case, the defendant attempted to argue that the medical records from Briarwood Hospital establish that the young victim already had inappropriate knowledge of certain sexual activities in March of 1988, and that this knowledge and the alleged sexual abuse was possibly a result of the victim's biological father or uncle molesting her, and not the defendant.
The trial court denied the defendant's motion, citing a problem with relevancy. The trial judge could not see the relevancy of any prior sexual molestation by another person at another time with the victim's current charge that the defendant had molested her between January 1, 1988 and October 31, 1990. The victim was not living with her biological father after her parents divorced when she was two years old, and was hospitalized more than seven months after the defendant had married her mother and they had begun living together. Even if the defendant had timely filed his motion pursuant to article 412 of the Louisiana Code of Evidence, the trial court could have denied this motion on the merits finding that the timing of the victim's hospitalization and the timing of the defendant becoming a member of her family raised the probability that it was the defendant who committed these crimes upon the victim, and further that the victim had not been associated with her biological father or any other male members of her family since she was approximately two years of age.

ERRORS PATENT
La.Code Crim.P. art. 880 provides that when imposing sentence, the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. The defendant's sentence is amended to reflect that the defendant is given credit for time served prior to the execution of the sentence. See La.Code Crim.P. art. 882(A). Resentencing is not required. However, this case is remanded and the district court is ordered to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. State v. Jones, 607 So.2d 828 (La.App. 1st Cir.1992).
La.Code Crim.P. art. 930.8 provides that at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court did not so inform the defendant. Although the court minute entry for the defendant's Boykinization states that the *503 defendant was informed of the three-year time limit to file applications for post-conviction relief, a review of the transcript of the Boykinization reveals that no mention was made by the trial judge concerning Article 930.8. Whenever there is a discrepancy between the verbatim transcript and the court minutes, the transcript will control. State v. Johnson, 533 So.2d 1288, 1291 (La.App. 3d Cir.1988), writ denied, 563 So.2d 873 (La. 1990), citing State v. Lynch, 441 So.2d 732 (La.1983).
The district court is directed to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. See, State v. Reeves, 613 So.2d 1061 (La.App. 3d Cir.1993).

CONCLUSION
The defendant's conviction and sentence are affirmed. However, the defendant's sentence is amended to allow credit for time served. This case is remanded to the district court to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served and to inform the defendant of the prescriptive period under La.Code Crim.P. art. 930.8.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
NOTES
[*] Honorable William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.