pGOTHARD, Judge.
Defendant, Damian Bode, seeks review of his sentence, which was imposed pursuant to a guilty plea on a charge of armed robbery. The record shows the State filed a bill of information charging defendant with armed robbery in violation of LSA-R.S. 14:64. Originally, defendant entered a plea of not guilty to the charge. Howev *37 er, he subsequently withdrew that plea and entered a plea of guilty. In accordance with a plea bargain, defendant was sentenced to serve forty years at hard labor without benefit of probation, parole or suspension of sentence.[1] . „
According to the arrest record and the probable cause affidavit, on January 4, 2001, the employees of Manner’s Jewelers reported that a white |smale, later identified as the defendant, armed with a hand gun and wearing a ski mask, entered the store and demanded money and jewelry. During the robbery, the suspect removed his ski mask allowing his face to be seen. He was recognized by employees of the store as a customer of the business. After taking jewelry valued at approximately $25,000.00 and about $312.00 in cash, the defendant fled the scene. He was located in the area shortly afterward and arrested.
On May 10, 2001, defendant withdrew his previous plea of not guilty and entered a plea of guilty as charged. He signed and initialed an “Acknowledgment of Constitutional Rights and Waiver of Rights” form in conjunction with the plea. The colloquy between the trial judge and the defendant before the plea shows with certainty that the defendant knew his plea of guilty would result in a sentence of forty years without benefit of parole, probation or suspension of sentence.
LSA-C.Cr.P. art. 881.2 A(2) provides that, “(t)he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” This provision applies both to agreed sentences and to agreed sentence ceiling or “caps.” State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171. Because defendant’s sentence was imposed in conformity with a plea agreement which was set forth in the record at the time of the plea, defendant is precluded from raising a claim of excessiveness on appeal. State v. Stevenson, 00-1296 (La.App. 5 Cir. 1/30/01), 778 So.2d 1165. Accordingly, we refuse to consider defendant’s claim and we affirm the sentence.
|4In our review of the record for errors patent pursuant to LSA-C.Cr.P. art. 920, we find that the trial court failed to accurately advise defendant of the prescriptive period for filing post conviction relief as required by LSA-C.Cr.P. art. 930.8 C. The minute entry indicates that the defendant was accurately informed. However, that is inconsistent with the transcript. In such a case the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). In this case the trial court informed defendant he had two years to file for post conviction relief. However, the court failed to inform him that this period begins to run when his conviction and sentence become final. Accordingly, we remand the matter to the trial court with instructions to accurately inform the defendant of the prescriptive period by sending written notice to him within ten days of the rendition of this opinion and to file written proof in the record that defendant received such notice. State v. Kinsel, 00-1610 (La.App. 5 Cir. 3/28/01), 783 So.2d 532.
AFFIRMED AND REMANDED.

. Defendant also plead guilty to a misdemean- or charge of possession of marijuana. He was sentenced to serve six months to run concurrent with the armed robbery sentence.